UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE SIMMONS )<br>VS. )<br>UNITED STATES of AMERICA ) | Civil Action No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, JOE SIMMONS, Plaintiff, by and through his undersigned counsel, complaining of UNITED STATES OF AMERICA, Defendant, and for cause of action would show the Court the following:

### I.   INTRODUCTION

1. This is a negligence and/or premise liability claim filed, under the auspices of the Federal Tort Claims Act, against the United States of America. The negligent conduct of the United States Postal Service, an agency of defendant, UNITED STATES of AMERICA, when a pallet jack malfunctioned while Plaintiff was attempting to unload a delivery. As a result of this incident, Mr. Simmons suffered serious personal injuries. Defendant's conduct and/or premises condition existed in a governmental occurrence. Furthermore, and/or in the alternative, defective unreasonably dangerous property of the United States Postal Service cause Plaintiff's injuries.

### II.   JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America.

3. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1 346(b) in that this is a claim against Defendant United States Of America for monetary

damages for personal injuries caused by the negligent and wrongful acts and omissions of the employees of the United States Postal Service while acting within the course and scope of their office or employment, under the circumstances where Defendant would be liable to Plaintiff.

4. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter refe1Ted to as "FTCA"), 28 U.S.C. § 2671, et. seq.

5. Pursuant to the FTCA, 28 U.S.C. § 2671, et. seq., on or about December 6, 2022, Plaintiff. Lester Pettis presented his claim to the appropriate federal agencies for administrative settlement under the FTCA. Although six months has passed since Plaintiff presented his claim to the appropriate agencies, United States Postal Service has not yet accepted or denied Plaintiffs demand to settle this matter.

6. This action is timely pursuant to 28 U.S.C. § 2401(6) in that more than six months ago it was presented to the appropriate federal agency within two years of accrual and Plaintiff properly presented his claim to the appropriate agency.

7. Venue is proper in this direct pursuant to 28 U.S.C. §§ 139 l(b) and 139 l(c), as the events or omissions giving rise to the claims occurred in this judicial district. .

### III. PARTIES

8. Plaintiff Joe Simmons is an individual who resides in Texas.

9. Defendant United States of America is subject to suit for personal injuries caused by the negligent and wrongful acts and omissions of an employee with the United States Postal Service while acting within the course and scope of his office or employment, under the circumstances where the Defendant would be liable to Plaintiff pursuant to FTCA. Plaintiff respectfully requests that summons be issued on the U.S. Attorney of the Southern District of

Texas, Alamdar Hamdani at U.S. Attorney's Office, Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77002 pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.

## IV.   FACTUAL BACKGROUND

10. On or about November 24, 2020, Plaintiff was making a delivery to the North Houston USPS.

11. As a result of the incident, Plaintiff Joe Simmons suffered multiple serious injuries, including those to his cervical, lumbar, right shoulder, and right ankle.

## CAUSES OF ACTION

## V. NEGLIGENCE - DEFENDANT UNITED STATES OF AMERICA

13. Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

14. At all relevant times, Defendant USA was the owner of a loading dock at 4600 Aldine Bender Road, Houston, Texas 77315.

15. At all relevant times, Plaintiff was employed by 10 Roads Express, LLC.

16. On November 24, 2020, Plaintiff was making a delivery to the North Houston USPS.

17. A USPS employee in the course and scope of employment with USPS negligently provided Plaintiff a defective pallet jack which malfunctioned while Plaintiff was attempting to unload a delivery.

18. As a result of the condition of the pallet jack, Plaintiff was injured.

19. Each of the above acts and/or omissions singularly and cumulatively constitutes negligence and/or negligence *per se* and was a proximate cause of the incident in question and the resulting injuries and damages to Plaintiff Joe Simmons.

## VI.   PREMISE LIABILITY

20. Plaintiff incorporates by reference all of the allegations cited in the preceding paragraphs.

21. The ramp at the North Houston Post Office was cracked which made the ramp unreasonably dangerous.

22. Employees of the USPS, including those in a managerial capacity were aware of the dangerous condition but failed to remedy it or warn Plaintiff of this condition which was not open and obvious.

## VI.    DAMAGES

20. Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

21. As a proximate result of the above acts and/or omissions on the part of Defendant, Plaintiff Joe Simmons has suffered substantial injuries and damages for which he seeks recovery from Defendant.

22. Joe Simmons seeks personal injury damages in amounts the Court deems to be fair and reasonable including damages for past and future physical pain and mental anguish, past loss of earnings, loss of future earning capacity, past and future disfigurement, past and future physical impairment and past and future medical care and expenses.

## VII.    PRE-JUDGMENT INTEREST

23. Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

24. Plaintiff would additionally say and show that he is entitled to recover pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recovers actual and compensatory damages, as specified above, from Defendant; that Plaintiff recovers costs of Court herein expended; that Plaintiff recovers the interest, both pre-judgment and post-judgment, to which Plaintiff is entitled under the law; and for such other and further relief, both general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

The Law Office of Marty Herring

*/s/ Marty Herring*

---

Marty Herring
Federal Bar No.
1616 S. Voss Road, Ste. 890 Houston, Texas 77057
(713) 787-9998
(713) 787-9886-facsimile
martyherring@hotmail.com

Law Office of Christopher Bradshaw-Hull

*/s/ Christopher Bradshaw-Hull*

---

Christopher Bradshaw-Hull
Federal Bar No. 944
4200 Montrose Blvd., Ste. 570
Houston, Texas 77006
(713) 523-0818
(713) 523-0814-facsimile
cbradshawhull@hotmail.com

**ATTORNEYS FOR PLAINTIFF**